IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.    )<br>)<br>)<br>DESHAUN JAMELLE WHITE,   )<br>Defendant    ) | <br><br>Case No. 7:19cr71<br><br>By: Michael F. Urbanski<br><br>Chief United States District Judge |

**MEMORANDUM OPINION**

This matter comes before the court on defendant Deshaun Jamelle White's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 72, and amended motion for compassionate release, ECF No. 77. The government filed a response opposing White's motion, ECF No. 81, and White has replied, ECF No. 83. Because the court finds that White has not demonstrated extraordinary and compelling reasons warrant his release and the factors under 18 U.S.C. § 3553(a) weigh in favor of continued custody, the court will **DENY** White's motion.

I.

On October 3, 2019, White pled guilty to distribution of 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(b)(1)(B). On December 19, 2019, the court sentenced White to the statutory mandatory minimum sentence of 60 months' imprisonment, followed by four years' supervised release. White is currently housed at Butner FCI-2 and has a projected release date of November 3, 2023.

On June 8, 2020, White filed a pro se motion for compassionate release, ECF No. 72. On June 19, 2020, White, represented by counsel, filed an amended motion for compassionate

release, ECF No. 77. In the amended motion, White argues that his diabetes and the outbreak of COVID-19 at Butner constitute extraordinary and compelling reasons warranting a reduction in his sentence. White further argues that he made a request to the warden of Butner for compassionate release on May 19, 2020, and the warden denied the request on June 1, 2020.

## II.

In general, a "court may not modify the term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, creates an exception to this rule and authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The United States Sentencing Commission published a policy statement to provide guidance on granting compassionate release. See USSG § 1B1.13. The policy statement provides, in relevant part, that "the court may reduce a term of imprisonment . . . if, after

2

considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that (1)(A) extraordinary and compelling reasons warrant the reduction; . . . (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) the reduction is consistent with this policy statement." Id.

Accordingly, White's requested relief requires the court to consider (1) if he exhausted his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence; and (3) if so, if the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a sentence reduction and whether White is a danger to the community.

    i.    <u>The government waived the exhaustion requirement.</u>

The provision allowing defendants to bring motions for compassionate release under § 3582(c) was added by the First Step Act in order to "increas[e] the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5239 (2018). While the statute allows a defendant to bring the motion before the district court, a petitioner must first exhaust his administrative remedies. See 18 U.S.C. § 3582(c)(1)(A). A petitioner must satisfy one of two conditions, whichever is earlier: (i) "the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or (ii) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" Id. The first condition requires that the defendant fully exhaust all administrative rights – this means that it is not enough for the warden to respond within 30 days by denying the request for compassionate release. If the warden denies the request within 30 days, the petitioner must

3

then exhaust all administrative appeals available through the BOP. The second condition can only be met after the lapse of 30 days from when the warden received the petitioner's request and has not responded.

Here, White argues that he exhausted his administrative remedies because he made a written request to the warden at Butner for compassionate release on May 19, 2020 and received a denial from the warden on June 1, 2020. See ECF No. 77-1, at 11. White asserts that because he received the denial letter from the warden, he "has exhausted his administrative remedies." ECF No. 77, at 2. The court disagrees. Because White has not exhausted the administrative appeals available to him through the BOP, he has not satisfied the exhaustion requirement of § 3582(c)(1)(A).

However, the government has waived the exhaustion requirement. See United States v. Smith, No. 3:02-cr-78, 2020 WL 4275034, at *1 (E.D. Tenn. July 24, 2020); see also United States v. Alam, 960 F.3d 831, 834 (6th Cir. 2020) (holding that the exhaustion requirement is a mandatory claims-processing rule that has two exceptions: waiver and forfeiture). The government stated that it "does not contest that Mr. White has exhausted administrative remedies." ECF No. 81, at 4. Accordingly, the court finds that the government has waived the exhaustion requirement.

  ii. <u>White has not established that extraordinary and compelling reasons warrant a reduction in his sentence.</u>

Because the government has waived the exhaustion requirement, the court must then consider if it should "reduce the term of imprisonment." See 18 U.S.C. § 3582(c)(1)(A). The U.S. Sentencing Guidelines Manual § 1B1.13 application notes state that "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious

4

medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) as determined by the Director of the BOP, for "other reasons" other than, or in combination with, the reasons described in Application Notes (A)-(C). Id., at cmt. n. 1(A)-(D).

This court has previously "join[ed] the many other district courts that have concluded that 'a court may find, independent of any motion, determination or recommendation by the BOP Director, that extraordinary and compelling reasons exist based on facts and circumstances other than those set forth in U.S.S.G. § 1B1.13 cmt. n.1(A)-(C).'" United States v. Lee, No. 1:95-cr-58, 2020 WL 3422772, at *3 (E.D. Va. June 22, 2020) (quoting United States v. Redd, No. 1:97-cr-6, 2020 WL 1248493, at *8 (E.D. Va. Mar. 16, 2020) (collecting cases)). While the court is not constrained by the policy statement, the court finds that it still provides guidance and the petitioner must demonstrate that extraordinary and compelling reasons warrant his release.

Here, White fails to make such a showing. "In the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." United States v. Harper, No. 7:18-cr-25, 2020 WL 2046381, at *3 (W.D. Va. Apr. 28, 2020) (citing United States v. Feiling, No. 3:19-cr-112, 2020 WL 1821457, at *7 (E.D. Va. Apr. 10, 2020)). As such, the Centers for Disease Control and Prevention (CDC) has issued guidance on specific risk factors that place individuals at a

5

higher risk of severe outcomes from COVID-19. See Wilson v. United States, No. 2:11-cr-180, 2020 WL 3315995, at *3 (E.D. Va. June 18, 2020) ("When assessing compassionate release motions during the pandemic, the Court examines the [CDC's] list of risk factors for severe COVID-19 complications.").

White argues that his diabetes diagnosis makes him more susceptible to contracting COVID-19 and that the CDC lists type-2 diabetes as increasing a person's risk of severe illness for COVID-19.[1] However, the CDC also directs individuals with type-2 diabetes to continue to take diabetes pills and insulin, as well as maintain a thirty-day supply of diabetes medicines, including insulin. White's medical records indicate that his diabetes is not severe and that he does not take any medication, including insulin, or engage in any other form of treatment for his diabetes. In fact, the medical records indicate that White has juvenile onset diabetes, that he is non-insulin dependent, and that while he used to take pills, he is not currently. See ECF No. 77-1, at 12. Accordingly, the court finds that White's diabetes does not present an extraordinary and compelling reason to warrant the requested reduction in his sentence. See United States v. Mickle, No. 19-cr-6115, 2020 WL 4046234, at *2 (W.D.N.Y. July 20, 2020) (denying compassionate release where inmate had non-insulin dependent diabetes).[2]

    iii.    <u>The § 3553(a) factors weigh against a sentence reduction.</u>

---

[1] Available at: https://www.cdc.gov/coronavirus/2019-ncov/specific-groups/people-at-higher-risk.html (last visited August 20, 2020).

[2] As it relates to White's risk of contracting COVID-19 at Butner, the court notes that Butner FCI-2 currently has zero positive cases of COVID-19. Further, Butner FCI-2 has only had three total cases amongst inmates, all now labeled as "recovered." In addition, while White claims to have had COVID-like symptoms when he was transferred from Butner FCI-1, where there had been a substantial outbreak of COVID-19, his medical records indicate that he did not complain of any symptoms at the time of his transfer. ECF No. 77-1, at 2. Indeed, his medical records state that White "currently denies symptoms and temp upon arrival at FCI2 SHU is 96.1." Id. His records further indicate that he was transferred to Butner FCI-2 "for disciplinary reasons" and was kept in quarantine for a minimum of 14 days because of the potential exposure to COVID-19 at FCI-1. Id.

Even if the court were to find that White's medical conditions constituted extraordinary and compelling reasons warranting a reduction in his sentence, the court would still deny the motion because he has failed to demonstrate that he merits release under the § 3553(a) factors. See United States v. McMillan, No. 7:08-cr-31, 2020 WL 3213399, at *2 (W.D. Va. June 15, 2020) ("A defendant seeking relief under § 3582(c)(1)(A) has the burden of establishing that compassionate release is warranted.") (internal citations omitted); see also 18 U.S.C. § 3582(c)(1)(A).

The § 3553(a) factors include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. See 18 U.S.C. § 3553(a). Here, the § 3553(a) factors weigh in favor of continued incarceration.

First, the nature and circumstances of the offense were very serious. White pled guilty to selling a significant amount of methamphetamine which resulted in a mandatory minimum sentence of five years. Second, White has an extensive criminal history where he has demonstrated an inability to comply with the rules of the court or the laws of the United States. His extensive criminal record resulted in a criminal history category of VI at sentencing. What is also troubling is White's five felony convictions for failure to register, demonstrating a record of noncompliance with court orders. Finally, the court imposed the 60-month sentence to promote respect for the law and to provide just punishment for the offense. Accordingly,

7

weighing the § 3553(a) factors, the court finds that White should remain incarcerated as no terms of supervised release or home confinement could guarantee his compliance with this court's orders.

### III.

For the reasons stated herein, White's motions for compassionate release are **DENIED**, ECF Nos. 72, 77. The clerk is directed to send a copy of this memorandum opinion and accompanying order to the petitioner, his counsel of record, and the United States. An appropriate order will be entered.

It is so **ORDERED**.

Entered: August 24, 2020

Michael F. Urbanski
Chief U.S. District Judge
2020.08.24 17:58:51 -04'00'

Michael F. Urbanski
Chief United States District Judge