CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
November 19, 2024
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 7:19-CR-71 |
| v. | ) |
| | ) |
| DESHAUN JAMELLE WHITE, | ) |
| | ) By: Michael F. Urbanski |
| Defendant | ) Senior United States District Judge |

## MEMORANDUM OPINION

This matter is before the court on defendant Deshaun Jamelle White's second pro se motion for early termination of supervised release. ECF No. 128. For the reasons stated below, the court **DENIES without prejudice** White's motion.

On July 25, 2019, White was indicted on five counts related to distribution of methamphetamine and heroin. Indictment, ECF No 3. Pursuant to a written plea agreement, White pled guilty to one count of distribution of 50 grams or more of a mixture containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Plea Agreement, ECF No. 43. On December 30, 2019, White was sentenced to a term of 60 months, to be followed by a 4-year term of supervised release. J., ECF No. 54. On November 30, 2022, White was released from custody to begin serving his term of supervision. See Pet. for Warrant or Summons, ECF No. 104.

White filed his first motion for early termination of supervised release on April 16, 2024. ECF No. 122. After getting input from the United States Probation Officer supervising White and ordering a response from the government, the court denied without prejudice White's motion on June 6, 2024. ECF Nos. 126, 127. The court acknowledged the strides

1

White has made toward leading a law-abiding life, but after examining the relevant factors listed in 18 U.S.C. § 3553(a), determined that having White remain on supervised release would provide him with an additional period of guidance and serve to protect the community. Mem. Op., ECF No. 126.

Not quite four months after his first motion was denied, White filed a second motion for early termination of supervision. The court again consulted with White's probation officer, who confirmed that White has had no violations over during the past year and has remained compliant with the terms of supervised release. Nevertheless, the probation officer remains concerned about White's long criminal history prior to his latest incarceration and the positive drug screen that he had in February 2023. The government remains opposed to early termination for White, because of the positive drug screen in 2023, the allegation that he threatened the mother of his child with a gun over a video call, and his long criminal history, including seven counts of failure to register as a sex offender. Resp., ECF No. 130 at 1.

The decision whether to grant early termination of supervised release is discretionary with the court, even when the conditions for termination are met. Folks v. United States, 733 F.Supp.2d 649, 651 (M.D.N.C. 2010). In addition, the inquiry is broader than the individual's conduct. Id. (citing United States v. Pregent, 190 F.3d 279, 282-83 (4th Cir. 1999)). "Circumstances that justify early discharge have included exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." Id. (quoting United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)). Neither the passage of time nor full compliance with the terms of supervised release are sufficient bases to warrant early termination. Id. at 652 (collecting cases).

But "[a]llocation of scarce resources counsels in favor of terminating supervision in cases . . . where services and oversight are no longer needed." United States v. Lyons, No. CR DKC 13-0282-3, 2020 WL 7769782, at *2 (D. Md. Dec. 30, 2020) (granting motion for early termination of supervised release where the parolee, convicted of a drug trafficking conspiracy and possession of a firearm in furtherance thereof, was transitioning "very well" and he consistently tested negative in random drug testing).

Pursuant to 18 U.S.C. § 3583(e), a court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), terminate a period of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. The following factors are to be considered: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the United States Sentencing Guidelines; (4) any pertinent policy statement issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentencing disparities among defendants; and (6) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

The court finds that taken as a whole, the § 3553(a) factors continue to weigh against early termination of supervised release for White. To be sure, and as discussed in the previous

3

Memorandum Opinion, he has done well for the most part while on supervised release. In addition, since June 2024 White has been employed at Virginia Transformer and has helped other offenders obtain employment there. White emphasizes to the court that his last conviction for failure to register as a sex offender occurred in 2017 and that he has complied with the requirement since that time. Reply, ECF No. 131. In addition, on November 29, 2024, he will have served half his term of supervised release.

A term of supervised release is imposed to "ease the defendant's transition into the community after the service of a long prison term for a particularly serious offense, or to provide rehabilitation to a defendant who has spent a fairly short period in prison for punishment or other purposes but still needs supervision and training programs after release." United States v. Lewis, 90 F.4th 288, 294 (4th Cir. 2024) (quoting S. Rep. No. 98-225 at 124 (1983) (reprinted in 1984 U.S.C.C.A.N. 3182, 3307)), cert. denied, U.S. No. 23-7145, 2024 WL 2116463 (U.S. May 13, 2024). From the ages of 20 to 30, White had 19 convictions for criminal activity. Pre-sentence Investigation Report, ECF No. 76 ¶¶ 30–50. While many of the offenses were minor, taken together they show a tremendous lack of respect for the law. White was 31 when he was sentenced on the underlying federal drug offense in this case on December 30, 2019, and remained incarcerated until his release to supervision on November 30, 2022.

Given White's long criminal history and the relatively short time that he has been on supervision, the court finds that having White remain on supervision continues to be consistent with the § 3553(a) factors, especially considering the nature and circumstances of the offense, the history and characteristics of the defendant and the need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from further

4

crimes of the defendant. Being on supervised release no doubt imposes burdens on White, but it also has provided structure and accountability which have allowed him to move forward in his transition to becoming a productive and law-abiding member of his community.

The court is impressed with White's accomplishments to date and with his determination to work and take care of his family. Nevertheless, the court remains concerned about the stability of White's success given his long criminal history. Having White remain on supervised release will provide him with an additional period of guidance and serve to protect the community. Accordingly, White's second motion for early termination, ECF No. 128, is **DENIED without prejudice**. White may file another motion for early termination after he successfully completes three years of supervision.

An appropriate order will be entered.

It is so **ORDERED**.

ENTERED: November 18, 2024

Michael F. Urbanski
Senior United States District Judge